1   Gary Eastman (SBN 182518)
    EASTMAN IP
2   1550 Hotel Circle N., Suite 330
    San Diego, CA 92108
3   Telephone: (619) 230-1144
    gary@eastmanip.com
4
    Attorney for Plaintiff
5   NotaryZoom, LLC

6

7                   UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10                                      )   Case No.:
                                        )
11  NotaryZoom, LLC, a California Limited )
    Liability Company                   )
12                                      )   **COMPLAINT FOR:**
                                        )   1. **FEDERAL TRADEMARK**
13            *Plaintiff,*              )      **INFRINGEMENT, 15 U.S.C. § 1114;**
                                        )   2. **FEDERAL TRADEMARK**
14       v.                             )      **COUNTERFEITING, 15 U.S.C. §**
                                        )      **1116(d);**
15  Margaret Kaplan, an individual, and DOES )  3. **FEDERAL UNFAIR COMPETITION**
    1 through 10, inclusive             )      **BY FALSE DESIGNATION OF**
16                                      )      **ORIGIN, 15 U.S.C. § 1125(a)(1)(A);**
                                        )   4. **FEDERAL UNFAIR COMPETITION**
17            *Defendants.*             )      **BY FALSE OR MISLEADING**
                                        )      **REPRESENTATION, 15 U.S.C. §**
18                                      )      **1125(a)(1)(B);**
                                        )   5. **VIOLATION OF THE**
19                                      )      **ANTICYBERSQUATTING**
                                        )      **CONSUMER PROTECTION ACT, 15**
20                                      )      **U.S.C. § 1125(d)**
                                        )   6. **CALIFORNIA COMMON LAW**
21                                      )      **TRADEMARK INFRINGEMENT;**
                                        )      **AND**
22                                      )   7. **VIOLATION OF CALIFORNIA**
                                        )      **BUSINESS AND PROFESSIONS**
23  _____ )      **CODE § 17200**

24

25       Plaintiff NotaryZoom, LLC, a California limited liability company ("NotaryZoom" or

26  "Plaintiff") brings this Complaint against defendants Margaret Kaplan, an individual, and DOES

27  1-10 (collectively, "Defendants") as follows:

28

## JURISDICTION

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b) over the federal trademark infringement claims, and the federal unfair competition claim, which arise under the Federal Lanham Act, 15 U.S.C. §§ 1051, et seq.; and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the asserted state law claims.

2.      This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, and is a dispute between a citizen of California and citizens of Texas.

3.      This Court has personal jurisdiction over Defendant because Defendant's acts of infringement and unfair competition practices complained of herein occurred in the state of California, Defendant's acts of infringement and unfair competition practices were directed towards the state of California, and Defendant caused injury to Plaintiff within the state of California.

## VENUE

4.      Venue is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

5.      Plaintiff NotaryZoom, LLC ("NotaryZoom" or "Plaintiff") is a California limited liability company with its principal place of business in Roseville, California.

6.      Defendant Margaret Kaplan ("Ms. Kaplan" or "Defendant") is an individual residing in Austin, Texas.

7.      The identities of the individuals and entities named as Defendants Does 1 through 10, inclusive, are not presently known, but NotaryZoom will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

8.      Upon information and belief, NotaryZoom alleges that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to NotaryZoom for the damages and relief sought herein.

**FACTUAL ALLEGATIONS**

9.     NotaryZoom was founded in 2019 to provide a notary signing referral service that matches clients with notaries providing services throughout the United States.

10.     NotaryZoom currently owns United States Federal Trademark Registration No. 7377541 for NOTARYZOOM in International Class 035 (referred to herein as the "NotaryZoom Mark" or the "Plaintiff's Mark") for use in conjunction with the goods and services listed as "[r]efferals in the field of notary public services, namely, the matching of clients seeking notary public services with notaries providing such services," NOTARYZOOM, Registration No. 7377541, with first use of the mark on February 1, 2019, and first use of the mark in commerce on May 1, 2020. A true and correct copy of NotaryZoom's registered trademark for the NOTARYZOOM mark on the principal register is attached hereto as **Exhibit 1**.

11.     Since at least as early as May 1, 2020, and long prior to any use of a similar design or mark by Defendant, NotaryZoom has been continuously and exclusively using its NotaryZoom Mark for its notary referral services in commerce.

12.     Through the years of continuous and exclusive use of the NotaryZoom Mark, and substantial investment of financial and personal resources, Plaintiff has developed significant goodwill in the field and is widely recognized as a leader in the field of referring notary public services.

13.     Ms. Kaplan has offered, and continues to offer notary referral services that matches clients with notaries providing such services throughout the United States and specifically within this District. Defendant does so at least through her ownership and active management of a number of different websites that offer notary referral services, including www.notaryzoom.com and www.notarystudios.com.

14.     Both www.notaryzoom.com and www.notarystudios.com are interactive websites for users to find notary services in their specific state. California is among the states that are available for users to find notary services in, all a user needs to do is select the "California" tab to be brought to an expansive list of different California notaries.

15.     The notary referral services offered by the Defendant on both www.notaryzoom.com and www.notarystudios.com is for the same services that the NotaryZoom Mark is registered for and offered within the same geographic region. A copy of such services as advertised on Defendant's website, www.notaryzoom.com and www.notarystudios.com, is attached hereto as **Exhibit 2**.

16.     Defendant is not authorized to use the Plaintiff's Mark in connection with the services they offer.

17.     Defendant had actual notice of the Plaintiff's Mark at least as early as December of 2023 when Plaintiff contacted the Defendant by telephone to request that Defendant stop using the Plaintiff's Mark on Defendant's website and social media accounts. Defendant refused to discuss the matter and abruptly hung up, ending the phone call despite Plaintiff's willingness to amicably resolve the matter.

18.     On July 20, 2024, Plaintiff sent the Defendant the first of two cease and desist letters requesting that Defendant immediately cease their unauthorized use of Plaintiff's Mark on Defendant's website (including the www.notaryzoom.com URL), and Defendant's social media accounts. A copy of Plaintiff's first request for Defendant to cease use of the NotaryZoom Mark is attached hereto as **Exhibit 3**.

19.     Defendant is the registered holder of the www.notaryzoom.com URL. A copy of a past email of the Defendant admitting to registering the www.notaryzoom.com URL is attached hereto as **Exhibit 4**.

20.     On October 17, 2024, Plaintiff sent Defendant the second cease and desist letter to again request that Defendant immediately cease their unauthorized use of the Plaintiff's Mark in the www.notaryzoom.com URL.

21.     Defendant had taken some remedial measures but continues to use the www.notaryzoom.com URL to redirect internet traffic to Defendant's new website www.notarystudios.com. A copy of the second cease and desist letter is attached hereto as **Exhibit 5**.

22.     Despite having knowledge of Plaintiff's trademark rights associated with the Notary Zoom Mark, Defendant continues to use Plaintiff's Mark in their search engine optimization ("SEO") to drive internet traffic to Defendant's new website and Defendant has not updated their SEO to refrain from using the Notary Zoom Mark. A copy of the results of a simple internet browser search using Google to search "notaryzoom" that points out Defendant's website links is attached hereto as **Exhibit 6**.

23.     The redirect used by the Defendant can be observed on publicly available websites such as Redirect Detective, www.redirectdetective.com. A copy of the results for the www.notaryzoom.com URL permanently redirecting traffic to www.notarystudios.com is attached hereto as **Exhibit 7**.

24.     Defendant has acted and continues to act with knowledge of NotaryZoom's prior ownership and use of its registered trademarks, and without NotaryZoom's authorization or consent, have engaged in intentional infringement by using and continuing to use, the Plaintiff's Mark in order to interfere with and capitalize on NotaryZoom's prior use, ownership, reputation, and goodwill.

25.     Defendant has acted and continues to act in bad faith by using the www.notaryzoom.com URL to redirect internet traffic to Defendant's new website, www.notarystudios.com, creating further confusion in the marketplace.

26.     Defendant continues to further confuse consumers by a new URL redirect to direct Internet users seeking Notary Zoom to Defendant's www.onlinenotaryagency.com website.

27.     Defendant's use of Plaintiff's Mark has caused actual confusion in the marketplace and is likely to continue to cause confusion, mistake, and deception among the public and those seeking the notary referral services offered by Plaintiff.

28.     NotaryZoom is in need of injunctive relief to bring an end to the irreparable harm caused by the promotion and sales of Defendant's services using the Plaintiff's Mark.

# FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114

29.     NotaryZoom repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

30.     Defendant, at all relevant times, infringed and continues to infringe on NotaryZoom's rights regarding its Registered Federal Trademark, Registration No. 7377541 for NOTARYZOOM, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b).

31.     Defendant's conduct and use of the NotaryZoom Mark has caused actual confusion in the marketplace, and is likely to continue to cause further confusion, mistake, and deception among the general purchasing public as to the association and origin of their services and interferes with NotaryZoom's ability to use its mark to indicate a single source of services.

32.     Defendant's infringing conduct has been willful, malicious, and done with an intent to deceive. Defendant had actual notice of the trademark rights of the Plaintiff at least as early as December of 2023, and yet has continued their infringing conduct. NotaryZoom is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1114(1)(a) and (b).

# SECOND CAUSE OF ACTION

## FEDERAL TRADEMARK COUNTERFEITING, 15 U.S.C. § 1116(d)

33.     NotaryZoom repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

34.     Defendant has used a false mark and/or false designations and continues to use a false mark and/or false designations that are identical with, or substantially indistinguishable from, the NotaryZoom Mark on services covered by the registered NotaryZoom Mark.

35.     Defendant has used these false designations and continues to use these false designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale, and distribution of their services.

36.     Defendant's use of the Plaintiff's Mark to advertise, promote, offer for sale, distribute, and sell their referral services is without the express or implied consent of Plaintiff.

37.     The unauthorized use of the Plaintiff's Mark by Defendant on and in connection with the advertisement, promotion, sale, offering for sale and distribution of services, constitutes use of the NotaryZoom Mark in commerce.

38.     The unauthorized use of the Plaintiff's Mark by Defendant, as set forth above, has caused actual confusion in the marketplace, and is likely to continue to: (a) cause confusion, mistake, and deception; (b) cause the public to believe that Defendant's referral services are the same as NotaryZoom's referral services or approved by NotaryZoom or that Defendant is affiliated, connected, or associated with or in some way related to NotaryZoom; and (c) result in Defendant unfairly benefiting from NotaryZoom's reputation and its registered NotaryZoom Mark, and cause substantial irreparable injury to the public.

39.     The aforesaid acts of Defendant constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40.     The acts of Defendant were both willful and malicious.

41.     For the foregoing reasons, Defendant is liable to NotaryZoom for statutory damages for each mark counterfeited as provided by 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION

### FEDERAL UNFAIR COMPETITION BY FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a)(1)(A)

42.     NotaryZoom repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as through fully set forth herein.

43.     Defendant is using the NotaryZoom Mark in connection with their referral services.

44.     Defendant is using the NotaryZoom Mark in commerce, in which the use has been done with deliberate intent of capitalizing and trading on the good will and reputation of NotaryZoom.

45.     The use in commerce of the NotaryZoom Mark by Defendant will tend to cause and, has caused the relevant public and trade to believe erroneously that Defendant's services are associated with, authorized, sponsored, or controlled by NotaryZoom.

46.     Defendant's use in commerce of the NotaryZoom Mark in connection with their services constitutes a false designation of the origin and/or sponsorship of such services and falsely describes and represents such services.

47.     Plaintiff has suffered an injury in fact as a result of Defendant's misleading, unfair, and unlawful conduct, because Defendant mislead customers to believe that the Plaintiff's Mark was associated with Defendant.

## FOURTH CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION BY FALSE OR MISLEADING REPRESENTATION, 15 U.S.C. § 1125(a)(1)(B)

48.     NotaryZoom repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as through fully set forth herein.

49.     Defendant is using the NotaryZoom Mark in connection with their notary referral services.

50.     Defendant uses the NotaryZoom Mark in commerce, which use has been done with deliberate intent of capitalizing and trading on the good will and reputation of NotaryZoom.

51.     The use in commerce of the NotaryZoom Mark by Defendant will tend to cause and has caused the relevant public and trade to believe erroneously that defendant's services are associated, authorized, sponsored, or controlled by NotaryZoom

52.     Defendant's use in commerce of the NotaryZoom Mark in connection with their services constitutes a misrepresentation of the NotaryZoom Mark being associated with Defendant.

53.     Plaintiff has suffered an injury in fact as a result of Defendant's misleading, unfair, and unlawful conduct, because Defendant has misled, and continues to mislead, customers into believing that the Plaintiff's Mark was associated with Defendant.

1

## FIFTH CAUSE OF ACTION

2

## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION

3

## ACT, 15 U.S.C. § 1125(d)

4

54.     NotaryZoom repeats and incorporates herein by reference each and every

5

allegation contained in the preceding paragraphs as though fully set forth herein.

6

55.     The Plaintiff's Mark has become famous and distinctive because of long,

7

extensive, continuous, and exclusive use by NotaryZoom in connection with its notary referral

8

services, such fame occurring long before Defendant's adoption and use of the NotaryZoom

9

Mark in connection with their notary referral services.

10

56.     Defendant has used and continues to use the www.notaryzoom.com URL.

11

57.     Defendant had, and continues to have, a bad faith intent to profit from the

12

NotaryZoom Mark by using the www.notaryzoom.com URL.

13

58.     NotaryZoom has no adequate remedy at law and is being irreparably damaged by

14

Defendant's use of the www.notaryzoom.com URL, in violation of 15 U.S.C. section 1125(d).

15

Therefore, NotaryZoom is entitled to injunctive relief.

16

## SIXTH CAUSE OF ACTION

17

## CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT

18

59.     NotaryZoom repeats and incorporates herein by reference each and every

19

allegation contained in the preceding paragraphs as though fully set forth herein.

20

60.     Plaintiff established common law rights in California for the mark

21

NOTARYZOOM at least as early as May 1, 2020, and has been continuously and exclusively

22

using its mark for referral services.

23

61.     Defendant had constructive notice of Plaintiff's common law rights of the mark in

24

the state of California at least as early as May 1, 2020.

25

62.     Defendant had actual notice of Plaintiff's common law rights of the mark in the

26

state of California at least as early as December of 2023.

27

63.     Defendant has used and continues to use the Plaintiff's Mark in connection with

28

use which has caused confusion in the state of California and is likely to continue to cause

consumer confusion or mistake, or to deceive as to the source of origin of the services in the state of California.

64.     Defendant has reproduced and counterfeited the Plaintiff's Mark, and used reproduced and counterfeit copies in connection with the sale, promotion, and advertising of services within the state of California with the intent to cause consumer confusion.

65.     The acts of Defendant was both willful and malicious.

66.     Plaintiff has suffered an injury in fact due to conduct of the Defendant.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

67.     NotaryZoom repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

68.     California Business and Professions Code Section 17200 *et seq.*, the Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including and "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The acts of Defendant, as alleged herein, constitutes an unlawful business practice by virtue of their intentional and fraudulent conduct.

69.     Defendant violated the UCL by systematically misleading consumers by: a) using the Plaintiff's Mark in an unauthorized manner on their website and social media accounts; b) using the www.notaryzoom.com URL to redirect web traffic to the new www.notarystudios.com website to purchase a different service; and c) using the NotaryZoom Mark in their SEO to artificially drive internet traffic to www.notarystudios.com.

70.     Plaintiff has suffered an injury in fact as a result of Defendant's misleading, unfair, and unlawful conduct, because Defendant has misled, and continues to mislead customers into believing that the Plaintiff's Mark was associated with Defendant.

///

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, NOTARYZOOM respectfully requests judgement as follows:

1. An order preliminarily and permanently enjoining Defendant, their officers, agents, servants, employees, and all persons in active concert or participating with them, from:

   a) committing any further acts of trademark infringement,

   b) committing any further acts of counterfeiting,

   c) using any design or word mark that is likely to be confused with Plaintiffs NOTARYZOOM Mark asserted herein,

   d) representing directly or indirectly in any form or manner whatsoever that any service is associated with or approved by Plaintiff when, in fact, it is not,

   e) passing off or inducing or enabling others to sell or pass off any service as one of Plaintiffs service or as a service endorsed or approved by Plaintiff,

   f) continuing to use Plaintiffs NOTARYZOOM Mark for SEO, and

   g) committing any other act calculated to compete unfairly in any manner;

2. An order seizing and impounding all infringing and counterfeit advertisements and all promotional items in Defendant's possession or control;

3. An order requiring Defendant transfer all ownership rights to the www.notaryzoom.com URL to Plaintiff;

4. An order awarding Plaintiff statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Plaintiffs election, an amount representing three (3) times NOTARYZOOM's damages or Defendant's illicit profits;

5. An order awarding to Plaintiff damages in the amount that Plaintiff has been harmed by Defendant's infringements and unfair business practices, in an amount Plaintiff proves at trial;

6. An order for an accounting and disgorgement of Defendant's profits from its infringing and unfair business activity;

7. A finding that Defendant has willfully and deliberately committed acts of trademark

infringement against Plaintiff;

8. An order trebling such damages against Defendant;

9. An order for attorneys' fees and costs that Plaintiff incurred in having to bring and sustain this action for the legal enforcement of its trademark and business rights against Defendant; and

10. Such other and further equitable and legal relief as the Court may deem appropriate.


Dated:        December 16, 2024

EASTMAN IP

/s/ Gary L. Eastman
Gary L. Eastman, Attorney for Plaintiff
NotaryZoom, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff requests this case be tried by a jury on all issues in this action.


Dated:  December 16, 2024

                                    EASTMAN IP


                                    /s/     Gary L. Eastman
                                    Gary L. Eastman, Attorney for Plaintiff
                                    NotaryZoom, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

# United States of America
## United States Patent and Trademark Office

# NOTARYZOOM

**Reg. No. 7,377,541**

**Registered May 07, 2024**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

NotaryZoom LLC  (CALIFORNIA LIMITED LIABILITY COMPANY)
910 Pleasant Grove Blvd., Suite 120-175
Roseville, CALIFORNIA 95678

CLASS 35: Referrals in the field of notary public services, namely, the matching of
clients seeking notary public services with notaries providing such services

FIRST USE 2-1-2019; IN COMMERCE 5-1-2020

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO
ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 97-662,343, FILED 11-03-2022



*Katherine Kelly Vidal*
Director of the United States
Patent and Trademark Office



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2





1
2
3
4
5
6
7
8
9
10
11
12

# EXHIBIT 3

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Gary L. Eastman, Esq.**
1550 Hotel Circle N., Suite 330
San Diego, California, 92108
619-230-1144
gary@eastmanip.com

<u>VIA FED-EX AND E-MAIL</u>

July 20, 2024

Margaret Kaplan
2121 Lohmans Crossing Rd, Suite 504-707
Austin, Texas 78734
margie@mkluxuryhomes.com

      Re:    Cease and Desist Infringement of NOTARYZOOM Federal Trademark
              Registration No. 7377541

Dear Ms. Kaplan:

      I represent Lara Tessadri ("Tessadri") in her intellectual property matters. Tessadri is the owner of United States Federal Trademark Registration No. 7377541 for "NOTARYZOOM" for her long-standing use of the NOTARYZOOM mark since at least as early as February 1, 2019, in conjunction with referrals in the field of notary public services, namely, the matching of clients seeking notary public services with notaries providing such services. A copy of the Federal Trademark Registration is attached for your reference. Over the years, Tessadri has invested significant time and resources in the development of a powerful brand which has come to be recognized nationally as a beacon for clients seeking notary public services and information related thereto.

      It has come to our attention that you are operating a website at <u>www.notaryzoom.com</u>, and blatantly infringing on our client's established trademark rights and engaging in activities that are deeply concerning. Your counterfeit use of the NOTARYZOOM mark not only reflects poorly on your business practices, but is also diluting the value of our client's established trademark and trusted brand reputation. Indeed, your unauthorized use has caused, and will continue to cause, actual confusion between Tessadri's NOTARYZOOM trademark and your counterfeit use of the NOTARYZOOM mark.

      Tessadri contacted you directly in December of 2023 in a good faith attempt to resolve this issue amicably. However, instead of addressing the matter with any semblance of professionalism, you were unwilling to discuss the matter and chose to terminate the call abruptly. This prior notification coupled with your unwillingness to discuss the trademark infringement issue makes your trademark infringement willful.

| Bakersfield | Irvine | San Diego |
|---|---|---|
| 1430 Truxton Ave., 5th Floor | 9891 Irvine Center Drive, Suite 200 | 1550 Hotel Circle N., Suite 330 |
| Bakersfield, CA 93301 | Irvine, CA 92618 | San Diego, CA 92108 |
| Tel: 619-230-1144 | Tel: 619-230-1144 | Tel: 619-230-1144 |

Margaret Kaplan
July 20, 2024
Page 2 of 3

Your willful counterfeit use of the NOTARYZOOM mark is found at
https://www.notaryzoom.com:



From this screen-capture, it is clear that while you may reside in Texas, your online presence promotes its services and solicits customers throughout the United States, including California.

In addition to your unauthorized use of the www.notaryzoom.com URL, you also utilize the NOTARYZOOM mark in several YouTube Videos, and across many other social media platforms owned by you, including but not limited to:

https://www.notaryzoom.com/austin-notary;
https://www.x.com/texasnotarylive;https://www.linkedin.com/company/texasnotary/;
https://www.youtube.com/channel/UClbT1mQ7vVq6QgPzhzeVLcg;
https://www.instagram.com/texasnotarylive/;   and
https://api.whatsapp.com/message/HW6PWMOXU455O1?autoload=1&app_absent=0.

Your willful trademark infringement cannot and will not be tolerated. In order to avoid litigation and minimize your exposure to additional economic and punitive damages, we strongly advise that you transition away from your www.notaryzoom.com website that has our client's

Margaret Kaplan
July 20, 2024
Page 3 of 3

NOTARYZOOM mark. WE note that you have already created a parallel website which does not use the NOTARY ZOOM mark, at www.notarysocials.com.

Given the circumstances and Tessadri's prior unsuccessful attempt to resolve the issue with you directly, we now demand that you:

1. **Immediately Cease and Desist:** Cease all use of the term NOTARYZOOM and any other marks that are confusingly similar to our Client's NOTARYZOOM trademark.

2. **Provide Written Confirmation:** Within 10 days of receipt of this letter cease all use of the NOTARYZOOM mark on all platforms and provide written confirmation that you have ceased, and that you will not engage in any future use.

3. **Remove www.notaryzoom.com:** Remove from access the current website located at www.notaryzoom.com, and coordinate the transfer of the domain name to Tessadri.

4. **Rectify Confusion:** Take immediate steps to rectify the confusion caused by your unauthorized use of the NOTARYZOOM trademark. This includes making public statements and corrective actions to clearly differentiate your notary services/products from those of our client.

Under the Trademark Act, damages for infringement include, at a minimum, a reasonable royalty accounting for the unauthorized use, coupled with interests and costs as fixed by the court. 35 U.S.C. § 284. Damages for trademark infringement under the Lanham Act may include the defendant's profits, the plaintiff's damages, and the costs of the action. 15 U.S.C. § 1117(a). The prevailing party's attorney's fees may additionally be awardable in "exceptional" trade dress cases – for example, where (as here) the infringement is willful (i.e., with prior knowledge of the owner's rights). 35 U.S.C. § 285; 15 U.S.C. § 1117(a).

While this matter is very serious, Tessadri desires to avoid litigation and, in the spirit of resolution, simply requests the above-listed actions take place within 10 days of the receipt of this letter. In the unfortunate event that you are unwilling to take down any use of the NOTARYZOOM mark, then we will take all actions necessary to protect her intellectual property rights, including but not limited to, filing a complaint for trademark infringement in federal court.

This is your final opportunity to resolve this matter without court intervention. We strongly advise you to take immediate action to avoid escalation.

Please do not hesitate to call to discuss the matter.

Yours very truly,

Gary L. Eastman, Esq.
Attorney At Law

# United States of America

## United States Patent and Trademark Office

# NOTARYZOOM

**Reg. No. 7,377,541**

**Registered May 07, 2024**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

NotaryZoom LLC  (CALIFORNIA LIMITED LIABILITY COMPANY)
910 Pleasant Grove Blvd., Suite 120-175
Roseville, CALIFORNIA 95678

CLASS 35: Referrals in the field of notary public services, namely, the matching of clients seeking notary public services with notaries providing such services

FIRST USE 2-1-2019; IN COMMERCE 5-1-2020

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 97-662,343, FILED 11-03-2022

*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



# EXHIBIT 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**From:** margie@mkluxuryhomes.com <margie@mkluxuryhomes.com>
**Sent:** Tuesday, July 30, 2024 9:59 PM
**To:** Gary@EastmanIP.com
**Subject:** RE: Notary Zoom Trademark

Hello Mr. Eastman,

I am in receipt of your letter dated July 20, 2024.

I am a notary that provides free information to other notaries on YouTube. Before I purchased the domain NotaryZoom.com I created a directory for other notaries to promote their online notary services. In other words, a way for online notaries to get found on the internet. I called it RONNotaryDirectory.com. I am in no way in direct conflict with Lara Tessadri. I didn't even know she or her website existed. I am NOT a signing service.

I provide primarily FREE directory listings to online notaries that subscribe to my YouTube channel. I have not profited by providing free directory listings to startup notaries. I have had many expenses including purchasing the domain, purchasing the website software, paying for IT services, subscriptions to plugins, time, and resources, all to give back to a community of notaries. I gain nothing from it other than pleasure in helping others.

I am willing to switch the online notary directory from NotaryZoom to another domain name to avoid litigation and a lengthy drawn-out process. I am happy to sell the domain to your client for $5000 to recover my losses and time in transferring.

I need at least 30 days to transfer over to a new domain and let others know about the change. We will need to forward links and make sure no SEO is lost from the transition.

Please let me know if this works for you and your client. Otherwise, I will unfortunately have to get my attorney to handle this instead of me.

I look forward to a mutual and beneficial agreement.

Best Regards,

Margie Kaplan
*Broker, CIPS, CLHMS*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 5



**Gary L. Eastman, Esq.**
1550 Hotel Circle N., Suite 330
San Diego, California, 92108
619-230-1144
gary@eastmanip.com

<u>VIA FED-EX AND E-MAIL</u>

October 17, 2024

Margaret Kaplan
2121 Lohmans Crossing Rd, Suite 504-707
Austin, Texas 78734
margie@mkluxuryhomes.com

      Re:    FINAL Notice of U.S. Trademark Violation of Registered Mark
      NOTARYZOOM

Dear Ms. Kaplan:

      This letter is to serve as a follow up to the cease-and-desist letter that was sent to you via Fed-Ex and e-mail on July 20, 2024. While my client, Lara Tessadri, and I appreciate your transition away from the using NOTARYZOOM on your website and social media, you are still acting to willfully infringe on my client's trademark rights by continuing to use the notaryzoom.com URL to redirect traffic to your rebranded website, notarystudios.com. Accordingly, this final notice shall serve as a final warning that your continued use of the notaryzoom.com URL is a violation of my client's trademark rights, and absent your immediate action, we will be forced to initiate a lawsuit against you.

      We have been monitoring your website and social media activity and have discovered that the notaryzoom.com URL redirects to your rebranded website, notarystudios.com. We are able to confirm this by simply typing in the notaryzoom.com URL into a web browser and being taken to your rebranded website. Your efforts to redirect traffic to your rebranded website through the use of the notaryzoom.com URL and subtle variations thereof can also be seen by using readily available online tools, such as Redirect Detective. See Exhibit 1. Redirecting website traffic still constitutes trademark infringement under the Lanham Act.

      In your email communication sent directly to me on July 20, 2024, you disclosed that you are in the business of providing "primarily FREE directory listings to online notaries that subscribe to my YouTube channel" so that "other notaries [can] promote their online notary services." Providing directory listings and allowing online promotion of notary services is in direct conflict with the goods and services that my client's trademark

| Bakersfield | Irvine | San Diego |
|---|---|---|
| 1430 Truxton Ave., 5th Floor | 9891 Irvine Center Drive, Suite 200 | 1550 Hotel Circle N., Suite 330 |
| Bakersfield, CA 93301 | Irvine, CA 92618 | San Diego, CA 92108 |
| Tel: 619-230-1144 | Tel: 619-230-1144 | Tel: 619-230-1144 |

Margaret Kaplan
October 17, 2024
Page 2 of 4

is registered for. For clarity, the goods and services of my client's trademark is for "[r]eferrals in the field of notary public services, namely, the matching of clients seeking notary public services with notaries providing such services."

Courts use a set of factors known as the Sleekcraft Factors to determine whether trademark infringement is present. A full analysis would not be beneficial to either party at this stage, but a simple rudimentary analysis of the factors indicates a strong likelihood of consumer confusion and trademark infringement. Your continued use of my client's mark NOTARYZOOM in the notaryzoom.com URL to redirect traffic to your own website indicates that you were intentionally attempting to create consumer confusion. Additionally, the goods and services that are offered by you and my client are sufficiently similar to cause consumer confusion; both you and my client offer a service to match notaries with prospective clients.

Your conduct also constitutes a violation of section 15 of the United States Code § 1125, Federal Unfair Competition, which prohibits acts of "false or misleading representation of fact is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125 (a)(1)(A). A cursory review of your conduct during this dispute indicates that you have engaged in unfair business practices by falsely misleading prospective customers of my client by using the notaryzoom.com URL to redirect traffic to your own website. This is compounded by the fact that you have been aware of my client's mark since at least as early as December of 2023, which has provided ample time for you to resolve the issue.

Despite your continued willful and wanton disregard of my client's trademark rights, we remain willing to resolve this dispute with the execution of a release agreement and payment of $2,500 to you for the transfer of the notaryzoom.com URL. We also demand that you immediately cease and desist directing internet traffic to your new website within ten (10) days of the date of this letter. If a resolution cannot be reached within this timeframe, or you do not respond to this letter, then I will pursue legal action to enforce my client's trademark rights to the furthest extent possible.

If a lawsuit is filed, we will seek any and all remedial relief that is available to us. This includes seeking a preliminary injunction for the immediate cessation of the misuse of notaryzoom.com URL redirecting traffic to your own website. Monetary damages will also be sought for trademark infringement and unfair competition. Under the Lanham Act monetary damages may include the defendant's profits, the plaintiff's damages, and the costs of the action. 15 U.S.C. § 1117(a). The prevailing party's attorney's fees may additionally be awardable in "exceptional" trade dress cases – for example, where (as here) the infringement is willful (i.e., with prior knowledge of the owner's rights). 15 U.S.C. § 1117(a). Further, your intentional use of NOTARYZOOM in the notaryzoom.com URL to redirect traffic to your own website may subject you to treble damages for any monetary damages that are awarded, 15 U.S.C. § 1117(b), and additional statutory damages as defined in 15 U.S.C. § 1117(c).

Margaret Kaplan
October 17, 2024
Page 3 of 4

Having now been advised of the possibility of litigation, we remind you of your resulting obligation to preserve all potentially relevant evidence, including without limitation, any and all of your documents and electronically stored information (including email, text messages, cell phone data and other computer records) evidencing or concerning the content of your websites and social media accounts (including all data relating to additions or deletions from such sites and accounts) and financial data including customer identities, distribution channels, gross sales, expenses, and profits.

This letter is not a complete discussion of the rights and remedies available to my client, all of which are expressly reserved.

Please do not hesitate to call to discuss the matter.


Yours very truly,

Gary L. Eastman, Esq.
Attorney At Law

# EXHIBIT 6

notaryzoom - Google Search                                    https://www.google.com/search?client=firefox-b-1-d&q=notaryzoom

G  notaryzoom                                         ✕  🎤  📷  🔍      ⚙  ⚏  Sign in

All   Images   Videos   Shopping   News   Maps   Forums   ⋮ More                        Tools

Reviews      Open now      Top rated

91910, Chula Vista, CA - Based on your past activity - Update location

1 of 3                                                                    10/22/2024, 12:59 PM

COMPLAINT
- 31 -

notaryzoom - Google Search                                    https://www.google.com/search?client=firefox-b-1-d&q=notaryzoom

Did you mean: **notary zoom**

Results for **Chula Vista, CA 91910**    🔵 Use precise location     ⋮

notaryzoomsigningservice.com
https://www.notaryzoomsigningservice.com  ⋮
**Notaryzoom Llc: Home**
**NotaryZoom** LLC will schedule notaries for purchase signings, refinances, seller signings, loan
modifications, reverse mortgage and applications, commercial ...

notaryzoom.com
https://www.notaryzoom.com › locations   ⋮
**Find Online Notaries by Location - Notary Zoom**
Find online notaries. Search by name, search by location, search now. Want to join? 1. Become a
registered member 2. Create your member profile 3. Get ...

Facebook · NotaryZoom Signing Service
2K+ followers
**NotaryZoom Signing Service**
**NotaryZoom** Signing Service · Loan Signing System SIX FIG... · The Notary Nook ✏ · Notary Cafe ·
Quick Find Notary/Signing ... · Florida Notary Networking.

notaryzoom.com
https://www.notaryzoom.com › categories   ⋮
**Find Online Notaries by Category- notary zoom...**
Search the largest Online Notary directory by category on **Notary Zoom**.

notaryzoomsigningservice.com
https://www.notaryzoomsigningservice.com › contact   ⋮
**Contact Us | Notaryzoom Llc**
Need a Will and Trust notarized? Need your purchase loan documents notarized? Need your sensitive
documents couriered? Email us today for a quote!

notarystudio.com
https://www.notarystudio.com   ⋮
**NotaryStudio.com -Notarize Online – Find an Online Notary**
You can be located anywhere in the world and we can notarize your documents online. You just need a
good internet connection with proper identification.

Notary Cafe Forums
https://forum.notarycafe.com › alert-offers-from-notary-...   ⋮
**ALERT: Offers from Notary Zoom**
May 19, 2021 — I received an offer from **Notary Zoom** signing service. I can't find any info on this
company. After thinking on it a few (too many) minutes, ...

Snapdocs
https://notary.snapdocs.com › ... › California › San Diego   ⋮
**Notary Zoom, Notary Public in San Diego, CA 92126**
**Notary Zoom** is an experienced notary public and loan signing agent providing document signing
services in San Diego CA, 92126.

godaddysites.com
https://notaryzoom.godaddysites.com   ⋮
**Notary Zoom**
Our RON Notary experts are ready assist you in developing a notary plan that drives your business.

NotaryCam
https://www.notarycam.com   ⋮
**NotaryCam: Online Notary Public**
How It Works. Upload your document. Connect to a live Notary and confirm your identity face-to-face on
a webcam. Electronically sign and apply eNotary seal.

About Notarycam · Notary Cam Sign Up · eClosings with eClose360... · NotaryCam

People also search for

| | |
|---|---|
| Notary Zoom reviews | Notary Academy California |
| Mynotaryacademy | Notaryacademy net |
| Esa Notary Academy | RON Notary directory |
| Online Notary Directory | Notary resume |

1 2 3 4 5 6 7 8 9 10        Next

10/22/2024, 12:59 PM

1
2
3
4
5
6
7
8
9
10
11
12
# EXHIBIT 7
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



