UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOTARY ZOOM, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARGARET KAPLAN,<br><br>Defendant. | No.  2:24-cv-3526 DJC AC<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for relief from default.  ECF No. 37. This motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19).  Finding no hearing necessary, the motion was taken under submission by the court.  ECF No. 38.  For the reasons stated below, the court recommends defendant's motion to set aside default be GRANTED.

Additionally, defendant filed a duplicative motion to set aside default (ECF No. 33) which is DENIED as moot and a proposed answer (ERC No. 37-1) which she failed to sign.  Defendant is accordingly ORDERED to file an amended answer bearing her signature within 14 days.

I.       Background

Plaintiff filed its complaint on December 16, 2024.  ECF No. 1.  Plaintiff filed a certificate of service on May 28, 2025.  ECF No. 12.  After being prompted by multiple orders to show cause issued by the District Judge (ECF Nos. 9, 14) plaintiff requested entry of default on July 9,

1

2025 (ECF No. 16), and default was entered on July 10, 2025 (ECF No. 18).  After being prompted by another order to show cause (ECF No. 20), plaintiff filed a motion for default judgment on November 26, 2025, and noticed the hearing for January 21, 2026.  ECF No. 24.

Defendant appeared in pro se and filed an opposition on January 16, 2026 (ECF No. 26) along with a motion for an extension of time to file an answer.  ECF No. 27.  Plaintiff filed a motion to set aside entry of default on February 13, 2026.  ECF No. 33.  The undersigned heard oral argument on the motions on February 18, 2026.  ECF No. 32.  For the reasons stated on the record, the undersigned denied the Motion for Default Judgment (ECF No. 24) without prejudice to re-filing, and defendant's Motion for an Extension of time to file an answer (ECF No. 27 ) was denied as moot.  Id.  Defendant was ordered to file a motion for relief from default, along with a proposed answer, within 30 days.  Defendant filed the required motion on March 16, 2026.  ECF No. 39.  Plaintiff opposed the motion.  ECF No. 39.  The motion for relief from default is now before the court.

II.    Analysis

A.    Legal Standard

The Federal Rules provide that a "court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  To determine "good cause," a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party.  See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925–26 (9th Cir. 2004).  This standard, which is the same as the one used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default.  See id.  Crucially, however, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984); see also Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006); Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 890 (9th Cir. 2001); TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d

2

691, 695–96 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001). Additionally, "[w]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." Cracco v. Vitran Exp., Inc., 559 F.3d 625, 631 (7th Cir. 2009) (quotations and citations omitted). This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

> **B.      There is Good Cause to Set Aside Default in This Case**

Entry of default in this case should be set aside because (1) it is unclear whether defendant engaged in culpable conduct, and delay in this case was mutual; (2) defendant has potentially meritorious defenses which she is entitled to assert and litigate; and (3) setting aside default would not prejudice plaintiff. See Franchise Holding II, LLC, 375 F.3d at 925–26.

> **1.   Culpable Conduct**

It is unclear whether defendant engaged in culpable conduct in failing to respond to the complaint, and that uncertainty must weigh in favor of defendant. "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer . . . [I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010) (internal citations omitted).

Here, the court cannot conclude that defendant engaged in culpable conduct because while defendant was plainly on notice of the conflict with plaintiff, it is not clear that defendant was more than negligent in failing to respond to this lawsuit. Plaintiff's counsel submitted a sworn statement that he had been in touch with the defendant as early as July 20, 2024, and that as of May 13, 2025, the parties were discussing settlement. ECF No. 39-1 at 4. On May 16, 2025, the District Judge assigned to this case noted that plaintiff had not timely filed a proof of service and

3

issued an order to show cause why the case should not be dismissed for failure to prosecute.  ECF No. 9.  Plaintiff responded on May 22, 2025, by submitting proof of service and indicating that the parties were working to finalize a settlement agreement.  ECF No. 10.  Specifically, plaintiff asked "that if service of process is found sufficient, the parties be granted thirty (30) days to finalize a mutually agreeable settlement for both parties, or to provide Defendant an opportunity to file an Answer or otherwise respond in the case."  ECF No. 10 at 3.  On May 23, the District Judge discharged the order to show cause and ordered the parties to file a notice of settlement or for defendant to respond to the complaint within 30 days.  ECF No. 11.  Neither party responded to the court's order.  On July 3, 2025, the District Judge entered another order to show cause why the parties' failure to follow the court's order should not result in monetary sanctions.  ECF No. 14.  On July 9, 2025, plaintiff requested entry of default.  ECF No. 16.  It took another order to show cause from the District Judge before plaintiff finally moved for default judgment.  ECF Nos. 20, 24.  This history indicates that defendant could plausibly have thought the parties were going to settle this lawsuit out of court; at a minimum, it demonstrates that there was delay and failure to respond to court orders on both sides.

Further, to the extent plaintiff argues that the pro se defendant is a paralegal and accordingly should be held to a higher standard with respect to deadlines and compliance with court orders, the court notes that plaintiff is represented by licensed counsel and *also* failed to comply with court deadlines and orders on multiple occasions.  Even if defendant were represented by counsel, in order to maintain entry of default after defendant's appearance the court would have to find that there "is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."  Mesle, 615 F.3d at 1092.  For example, in the Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc. case on which plaintiff relies, the represented defendant "failed to file anything with the district court until after [the plaintiff] began collecting on the default judgment."  375 F.3d 922, 926 (9th Cir. 2004).  Such conduct is not analogous to the conduct at issue in this case, particularly where both sides failed to respect court deadlines.  This factor favors granting relief from default.

////

4

### 2. Potentially Meritorious Defenses

Defendant has indicated that she has potentially meritorious defenses including improper venue and jurisdictional defenses.  ECF No. 31-1 at 2-3.  The defendant should be afforded the opportunity to litigate these defenses.

### 3. Prejudice to Plaintiff

Finally, lifting the entry of default will not prejudice plaintiff.  Plaintiff's arguments regarding prolonging ongoing harm are unpersuasive in light of plaintiff's own delays in prosecuting this case.

For all these reasons, this case does not present circumstances which overcome the general policy favoring adjudication on the merits.  Accordingly, the motion to set aside default should be granted.

### III.    Conclusion

It is hereby ORDERED that defendant's duplicative motion to set aside default (ECF No. 33) is DENIED as MOOT.  Additionally, defendant is ORDERED to file an amended answer bearing her signature within 14 days.  Failure to timely file a signed amended answer may result in monetary sanctions.

Additionally, for the reasons set forth above, IT IS HEREBY RECOMMENDED defendant's motion to set aside default (ECF No. 37) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////

////

5

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 21, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE