UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOTARYZOOM, LLC, | No.  2:24-cv-3526 DJC AC PS |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| MARGARET KAPLAN, | |
| Defendant. | |

Plaintiff filed this case on December 16, 2024.  ECF No. 1.  After an initial default, defendant appeared in pro se and moved for relief from default, filing a proposed answer.  ECF No. 37.  Plaintiff opposed relief from default.  ECF No. 39.  The undersigned issued findings and recommendations that the motion for relief from default be granted, and ordered defendant to file an amended answer, noting that she had failed to sign the document filed with her motion.  ECF No. 41.  Defendant filed the signed amended answer.  ECF No. 41.  The findings and recommendations remain pending.

In the motion for relief from default, defendant, who resides in Austin, Texas, raised the issue of improper venue.  ECF No. 37-1 at 4.  Plaintiff responded to this point, and asserts that venue is proper because "[d]efendant operated an interactive website offering notary referral services nationwide, including users in California, and used Plaintiff's mark in connection with those services causing harm to plaintiff, a California-based company" and "because a substantial

1

part of the events giving rise to Plaintiff's claims occurred in California."  ECF No. 39 28 U.S.C. § 1391(b)(2)

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

In this case, the sole defendant resides in Austin, Texas, which is in the Western District of Texas.  ECF No. 41 at 1.  Although plaintiff alleges that the defendant runs a website which can be accessed nationwide and which harmed plaintiff in California, it appears probable that defendant took all relevant actions in creating and maintaining the website in Austin, Texas. Plaintiff's theory that a substantial part of relevant events or omissions took place in California because it is a California company is not, on its face, persuasive.  Therefore, the undersigned is inclined to believe that plaintiff's case should have been filed in the United States District Court for the Western District of Texas.  Plaintiff bears the burden of showing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979).  The court may raise the issue of improper venue *sua sponte*, provided it first gives the parties an opportunity to be heard.  Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

Accordingly, plaintiff is ORDERED to show cause in writing within 21 days of this order why this action should not be dismissed without prejudice for improper venue.  If plaintiff fails to timely respond, it will be deemed to have agreed that venue is improper in this district, and that the case should be dismissed without prejudice.

DATED: May 1, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2